Nash, C. J.
 

 No objection is raised as to the charge. In the course of the trial, one Woollard was examined in behalf of the prisoner. Before he was called, Dr. Lucas had been examined by the State, who testified that he saw deceased on Saturday morning after the affray, which took place’ on the night before. The deceased had three wounds — one on the hand, another on the breast, and a third in the abdomen, which had entered the cavity, and the bowels had been out, and he thinks the last
 
 *275
 
 wound was mortal. He saw the deceased again on Tuesday morning, when be found bim dying, and told bim so, when the deceased told bim the prisoner bad done it, and told bim the manner. Woollard stated that, on the nigbt of the occurrence, bearing a noise, and some one exclaiming,
 
 “
 
 I am stabbed or cut,” be went to the spot, and found the deceased lying on the ground, in the arms of a free negro, and asked bim, wbo did it. Jones replied, Tbomason. This question and answer were objected to on the part of the prisoner, on the ground that there was no evidence that, at the time, Jones thought himself in a dying condition. This testimony was admitted by the Court, upon the ground that it was made a few moments after thé transaction, and as confirmatory of the dying declarations, as proved by Dr. Lucas, as the character of Jones for truth bad been assailed by the prisoner. We think the testimony was admissible, as confirmatory of the declaration as proved by Dr. Lucas. The doctrine of confirmatory evidence has been repeatedly before this Court, and in March v. Harrell, decided at the present term, the authorities were all cited and critically examined, and it is not necessary to review them. That case decided, that, whenever the character of a witness is for any cause impeached, bis previous declarations are evidence to sustain bim. The declarations' of the deceased, made to Dr. Lucas, were clearly admissible as dying declarations : Of the weight to which they were entitled, the jury were the exclusive judges. To weaken or destroy their force, the prisoner proved that Jones’ character for truth was bad. The declaration made to Woollard was clearly, therefore, within the principle recog-nised in Harrell’s case.
 

 There was no error in tbe judgment of tbe Court below, in tbe admission of testimony.
 

 This opinion will be certified to' tbe Superior Court of Brunswick county, that it may proceed to sentence according to law.
 

 Judgment affirmed. ■